ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Oct-14 09:55:02
60CV-26-13678
C06D11 : 5 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

STATE FARM FIRE AND CASUALTY COMPANY, AS SUBROGEE OF JESSE LAWSON, PLAINTIFF

vs Case No. JURY TRIAL DEMANDED

FORD MOTOR COMPANY, DEFENDANT

**COMPLAINT**

Plaintiff, State Farm Fire and Casualty Company ("State Farm") for its cause of action against the Defendant, Ford Motor Company ("Ford"), as a subrogee for Jesse Lawson, alleges and states as follows:

1. The Plaintiff, State Farm Fire and Casualty Company is a foreign insurance company that is registered, licensed and conducting business in the state of Arkansas, and is in good standing with the Arkansas Secretary of State.

2. Plaintiff brings this matter as subrogee of Jesse Lawson ("State's Farm insured" or "the insured").

3. The Defendant, Ford Motor Company, is a foreign corporation that is engaged in business activities within the State of Arkansas, and whose product has entered into the State of Arkansas through the normal stream of commerce.

4. The amount in controversy exceeds $75,000.00 exclusive of costs and interest.

5. This Court's jurisdiction is just and proper as the events giving rise to this cause of action occurred in Pulaski County, State of Arkansas.

**GENERAL FACTS AND BACKGROUND**

6. At all relevant times, Plaintiff's insured, Jesse Lawson ("State Farm's insured"), owned

and/or possessed a 1997 Ford F-150 pickup truck, VIN 1FTDX1864VNA68792 (the "subject vehicle").

7. The subject vehicle was designed, manufactured, assembled, distributed, marketed, and/or sold by Defendant Ford Motor Company.

8. On or about August 1, 2024, the subject vehicle was parked overnight at State Farm's insured's residence located at 18 Southmont Drive, Little Rock, Arkansas 72209.

9. At the time the subject vehicle was parked inside the insured's residential garage, the vehicle was turned off and was not being operated.

10. While the subject vehicle was parked, turned off, and unattended inside the insured's garage, the vehicle caught fire.

11. The fire originated at the subject vehicle and subsequently caused extensive damage to the vehicle, the insured's garage, residence, and/or other personal and real property.

12. The cruise control deactivation switch in the subject vehicle showed evidence of failure.

13. The cruise control deactivation switch was the subject of a Ford recall involving a known defect that could cause an electrical short and potentially result in a vehicle fire, including when the vehicle was parked and the ignition was turned off.

14. As a direct and proximate result of the defective condition of the subject vehicle, State Farm's insured sustained substantial property damage.

15. Pursuant to the terms of its insurance policy, State Farm made payments to its insured for the damages resulting from the fire.

16. By virtue of these payments, Plaintiff became subrogated to all rights, claims, and causes of action that its insured has against Ford arising out of this occurrence, to the extent of said payments.

**COUNT I—PRODUCT LIABILITY**

17. Plaintiff restates and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18. At all relevant times, Defendant Ford Motor Company was engaged in the business of designing, manufacturing, assembling, distributing, and selling motor vehicles, including the 1997 Ford F-150 involved in this incident.

19. The subject vehicle was supplied by Defendant in a defective condition that rendered it unreasonably dangerous to users, including State Farm's insured.

20. The defective condition included defects in one or more components of the vehicle capable of causing a fire while the vehicle was parked and turned off.

21. On or about August 1, 2024, the subject vehicle caught fire while parked and turned off inside the insured's garage, causing substantial property damage.

22. The defective condition of the subject vehicle was the direct and proximate cause of the fire and the resulting property damage.

23. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject vehicle, State Farm's insured sustained property damage.

24. At the time of the fire giving rise to this cause of action, the property of Jesse Lawson was insured by State Farm Fire and Casualty Company under the terms of its insurance policy.

25. Pursuant to the terms of its insurance policy, State Farm compensated its insured for said damages and thereby became subrogated to the rights and claims of its insured against Defendant, to the extent of those payments.

**COUNT II-BREACH OF WARRANTY**

26. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth

herein.

27. Defendant expressly and/or impliedly warranted that the 1997 Ford F-150 was of merchantable quality, fit for ordinary use, and free from defects in materials and workmanship.

28. The subject vehicle was not of merchantable quality and was not fit for its ordinary and intended purpose, as it contained defects that rendered it unsafe and unreasonably dangerous.

29. The breach of these warranties directly and proximately caused the fire resulting in damage to the insured's property.

30. As a direct result of Defendant's breach of express and/or implied warranties, Plaintiff sustained damages in an amount equal to the sums paid to its insured.

31. At the time of the fire giving rise to this cause of action, the property of Jesse Lawson was insured by State Farm Fire and Casualty Company under the terms of its insurance policy.

32. Pursuant to the terms of its insurance policy, State Farm compensated its insured for said damages and thereby became subrogated to the rights and claims of its insured against Defendant, to the extent of those payments.

**COUNT II-NEGLIGENCE**

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. Defendant owed a duty to design, manufacture, assemble, test, inspect, distribute, and sell its vehicles in a reasonably safe manner and to warn consumers of known or foreseeable defects and hazards.

35. Defendant owed a duty to design, manufacture, assemble, test, inspect, distribute, and sell its vehicles in a reasonably safe manner and to warn consumers of known or foreseeable defects and hazards.

36. As a direct and proximate result of Defendant's negligence, the subject vehicle caught fire while parked and turned off inside the insured's garage, causing substantial property damage.

37. At the time of the fire giving rise to this cause of action, the property of Jesse Lawson was insured by State Farm Fire and Casualty Company under the terms of its insurance policy.

38. Pursuant to the terms of its insurance policy, State Farm compensated its insured for said damages and thereby became subrogated to the rights and claims of its insured against Defendant, to the extent of those payments.

**PRAYER**

Therefore, Plaintiff State Farm Fire and Casualty Company, and each of them, pray judgment be entered in their favor and against the Ford Motor Company. for damages in the amount exceeding $75,000, in addition to attorney's fees and costs, together with and such other relief as this Court may deem proper.

Respectfully submitted,

CATHCART & DOOLEY

*s/Claudia A. Sanchez-Zavaleta*

Claudia Sanchez Zavaleta, AR2025322
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
csanchez@cathcartdooley.com
ATTORNEY FOR PLAINTIFF